E-FILED
Thursday, 08 July, 2010 03:30:14 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JUANITA PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3104 |
| | ) | |
| TRANSAMERICA LIFE INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Plaintiff Juanita Perry's Motion to Remand (Motion) (d/e 6) and Memorandum in Support of Motion to Remand (d/e 7). Defendant Transamerica Life Insurance Company has filed Defendant's Response to Motion to Remand (d/e 8). This matter is fully briefed and ripe for adjudication. For the reasons described below, Plaintiff's Motion is denied.

FACTS

According to the Complaint for Declaratory Judgment and Damages (Complaint) (d/e 1-3), Plaintiff is a resident of the State of Illinois. At the

1

time she filed the Complaint, Plaintiff lived at Mill Creek Alzheimer's Special Care Center (Mill Creek) in Springfield, Illinois. Plaintiff has since moved to Regency Nursing Care Residence (Regency). Defendant is an Iowa corporation that conducts insurance business in the State of Illinois. On June 20, 2000, Plaintiff purchased Traditional Long Term Care Insurance Policy No. 740250874181 (the Policy) from Defendant's predecessor, PFL Insurance Company. Under the Policy, Defendant must pay Plaintiff a daily nursing home benefit, with a lifetime maximum in the amount of $100 per day if Plaintiff resides in a "nursing home," as defined by the Policy.

Plaintiff moved into Mill Creek on January 27, 2009. Plaintiff alleges that Mill Creek satisfies the Policy's definition of a "nursing home." On February 4, 2009, Plaintiff filed a notice of claim with Defendant, seeking to obtain her daily nursing home benefit. Defendant denied Plaintiff's claim on July 8, 2009. Plaintiff appealed on August 31, 2009, but Defendant denied her appeal on November 17, 2009. Plaintiff continued to seek clarification of the denial, due to the fact that, in her estimation, Mill Creek constituted a "nursing home" under the Policy. Defendant, in a letter dated February 4, 2010, told Plaintiff that Mill Creek was not a "nursing home"

2

as defined by the Policy.  According to the Motion, Plaintiff continued to live at Mill Creek until May 3, 2010.  On May 4, 2010, Plaintiff moved to Regency, due to the fact that she could not afford to live at Mill Creek absent the daily $100 nursing home benefit she believed she was entitled to under the Policy.

Plaintiff filed this lawsuit on March 25, 2010, in the Circuit Court of Sangamon County, Illinois, seeking declaratory relief and alleging breach of contract and demanding attorney's fees under 215 ILCS 5/155(1), a provision of Illinois law that grants attorney's fees for vexatious and unreasonable delay by an insurance company.  Plaintiff alleges that Defendant's breach of contract caused her damages in excess of $50,000, and seeks recovery of $3,000 in attorney's fees incurred by the time the Complaint was filed, together with $60,000 in attorney's fees under 215 ILCS 5/155(1).  Plaintiff also seeks interests and costs.

On May 3, 2010, Defendant invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332 and removed the case to this Court.  Plaintiff then filed her Motion, arguing that the Court does not have jurisdiction over her claims because the amount in controversy does not exceed $75,000, exclusive of interest and costs.

3

## ANALYSIS

Removal of a state court action to a federal district court by a defendant is proper if the plaintiff could have originally filed the case in federal court. 28 U.S.C. § 1441(a). A federal district court has jurisdiction over cases where the parties are citizens of different states, and where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interests and costs . . . ." 28 U.S.C. § 1332(a). The amount in controversy requirement is determined by the allegations in the plaintiff's complaint at the time the notice of removal is filed. Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541 (7th Cir. 2006); see Cook v. Winfrey, 141 F.3d 322, 326 (7th Cir. 1998) ("It is well settled that subject matter jurisdiction is to be determined as of the time when jurisdiction is invoked; later developments such as a decrease in the amount recoverable do not remove federal jurisdiction once it has been established."). The party asserting diversity jurisdiction bears the burden of demonstrating by a preponderance of the evidence that the statutory criteria have been satisfied. Meridian, 441 F.3d at 542. The Court takes into consideration the value of all relief sought, including injunctive and declaratory relief. America's MoneyLine, Inc. v. Coleman, 360 F.3d 782 (7th Cir. 2004); Uhl v. Thoroughbred Technology

& Telecomms., Inc., 309 F.3d 978, 983 (7th Cir. 2002). After a case has been removed, it "stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." Meridian, 441 F.3d at 542.

Plaintiff here does not dispute that the parties have diverse citizenship. Instead, she claims that the amount in controversy does not exceed $75,000 because she moved out of Mill Creek on May 3, 2010, which was also the date of removal in this case. Plaintiff argues that her damages under the Policy were capped at $100 per day between February 4, 2009, and May 3, 2010 (the time period she lived at Mill Creek), for a total amount of $36,400. She also argues that, contrary to the allegation in her Complaint, she is not entitled to $60,000 in attorney's fees under 215 ILCS 5/155, and instead would only be entitled to 60% of $36,400, or $21,840. See 215 ILCS 5/155(1). These amounts, plus the $3,000 in attorney's fees that Plaintiff incurred prior to filing the Complaint, add up to $61,240 and fail to satisfy 28 U.S.C. § 1332. Defendant counters that the Complaint demands at least $113,000 for breach of contract and attorney's fees, and that the actuarial Affidavit attached to the Notice of Removal (d/e 1) conservatively estimates that the value of compensatory

and declarative relief sought in this case is $79,400. See Notice of Removal, Ex. D, Affidavit of Gretchen S. McRae (Affidavit), ¶ 8.

Plaintiff's arguments have no merit, primarily because they fail to take into account the value of the declaratory relief she seeks. Plaintiff has provided no evidence or even speculation as to the value of declaratory relief in this case. Her Complaint seeks compensatory damages and attorney's fees in excess of $113,000, and Defendant's Affidavit shows that at least $79,400 is in controversy here. Defendant has sustained its burden of demonstrating that the Court has diversity jurisdiction over this matter. It is not, therefore, "legally certain that the controversy is worth less than the jurisdictional minimum," and therefore the Court declines Plaintiff's invitation to remand this case to the Circuit Court of Sangamon County. See Meridian, 441 F.3d at 542.

THEREFORE, for the reasons outlined above, the Motion to Remand (d/e 6) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:  July 8, 2010

      FOR THE COURT:

                                  s/ Jeanne E. Scott
                               JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE